10-1119-cv
Taddeo v. County of Niagara

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges,*
> JOHN F. KEENAN,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN S. TADDEO,

> *Plaintiff-Appellant,*

> -v.-                                                          No. 10-1119-cv

COUNTY OF NIAGARA, NIAGARA COUNTY SHERIFF'S DEPARTMENT, THOMAS A. BEILEIN, Niagara County Sherrif,

> *Defendants-Appellee*s.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**    ANDREW P. FLEMMING (Christian Archer Pierrot, *of counsel*) Chiacchia & Fleming, LLP, Hamburg, NY.

**FOR DEFENDANTS-APPELLEES:**    MELINDA G. DISARE, Jaeckle Fleischmann & Mugel, LLP, Buffalo, NY.

Appeal from a March 15, 2010, order of the United States District Court for the Western District of New York (John T. Curtin, *Judge*).

------

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be **AFFIRMED**.

Plaintiff John S. Taddeo brought this action pursuant to 42 U.S.C. § 1983 against the County of Niagara, its Sheriff's Department and Sheriff (jointly, "defendants") alleging, among other things, that he was wrongfully terminated from his employment as a Deputy Sheriff in violation of his right to due process of law under the Fourteenth Amendment, and in retaliation for political activities in violation of the First Amendment. The District Court granted defendants' motion for summary judgment and Taddeo filed a timely appeal of that order. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review *de novo* the decision of the District Court to grant summary judgment and will affirm only if the record, viewed in the light most favorable to the nonmoving party (here, Taddeo), reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010). Having conducted a *de novo* review, we hold, for substantially the reasons stated by the District Court*, see Taddeo v. County of Niagara*, No. 06-cv-832, 2010 WL 980260 (W.D.N.Y. Mar. 15, 2010), that the District Court correctly concluded that Taddeo's knowing and voluntary entry into the Last Chance Agreement—in which Taddeo "waive[d] . . . his right to challenge his termination for violating the . . . [a]greement by way of any grievance, arbitration, or 'other legal process,' including this lawsuit"—entitles defendants to summary judgment. *See* Taddeo, 2010 WL 980260, at *8.

Although the District Court concluded that there were "genuine issues of material fact regarding whether plaintiff was afforded a meaningful opportunity at the June 15 meeting to challenge the grounds for his termination," *Taddeo*, 2010 WL 980260, at *6, our independent review of the record reveals that a reasonable jury could only conclude that Taddeo was provided such an opportunity. Taddeo testified at his deposition that he attended a meeting on June 15, 2006, with Sergeant Lance Wendt, his union representative, Undersheriff Samuel Muscarella, and Chief Deputy John Taylor; he was advised of his positive drug test results; he brought all his medications, food supplements, herbs, and herbal teas, to make them "aware of everything I was taking"; he voiced his procedural objections to the tests; and he attempted to explain that he was "set up by this guy" at Club Joey. Hence, Taddeo's own testimony demonstrated that he was aware of the charges and was given an opportunity to explain. Moreover, even assuming factual issues as to whether he was given a meaningful opportunity to be heard, Taddeo has failed to show the existence of genuine factual issues as to the validity of the positive drug tests. In fact, there were three positive tests, including one that Taddeo commissioned himself at an independent lab. He offers nothing to contest the validity of these tests other than conclusory assertions and conjecture.

2

## CONCLUSION

We have considered each of Taddeo's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk